SUPERIOR COURT FOR BENEFIT OF KENNETH M. BEAVER, RECEIVER *vs.* SYDNEY SEED *et al.*

MAY 26, 1950.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

CAPOTOSTO, J. This is an action of debt on bond for the benefit of Kenneth M. Beaver, receiver of Comet Cleansers, Inc., hereinafter called the corporation, against Sydney Seed, a prior receiver who was removed for maladministra-

tion, and American Surety Company of New York, the surety on his bond. A justice of the superior court chancerized the bond for $1719. The plaintiff, hereinafter called Beaver, thereupon brought the case to this court by his bill of exceptions claiming that the actual sum fixed by the trial justice was inadequate.

A brief summary of the evidence is sufficient. The bond qualifying Seed as receiver is dated June 24, 1947. Shortly thereafter he disappeared. The assets of the corporation consisted of some machinery and three relatively old trucks which were allowed to remain unprotected in a yard. When the receivership proceedings were instituted the corporation occupied a store in a building owned by Willis E. Blount and wife Ruth G. Blount in the town of Barrington in this state. A post office occupied an adjoining store.

On December 9, 1947 Barnett Carter, a duly qualified appraiser, went to the premises of the corporation in company with Seed's attorney, and they found that at some unspecified time prior thereto the machinery had been "Pushed one side so the Post Office could use the *main section* of that store as a Post Office." (italics ours) On this occasion Carter appraised all the assets, including the three trucks, at $2128. Although it appears that a fire had damaged the premises originally occupied by the post office there is no evidence as to when the fire occurred, or who gave the postal authorities permission to occupy "the main section" of the corporation's store, or when they removed therefrom.

Seed was removed as receiver October 6, 1948 and Beaver, who was named in his place and stead, engaged Carter to reappraise the corporation's assets. When Carter went to Barrington for that purpose he found the store empty and the machinery, which had been moved therefrom by some unknown or undisclosed person, "thrown one on top of the other" like "junk in a pile" in a rear building with broken windows and an "open" door. This time his appraisal

of the machinery and trucks was $370 and thereafter they were sold for $409.

In addition to alleged damages for waste, Beaver claimed that he was entitled to recover damages in the sum of $1258.52 for loss of rent of the store by the landlord at the rate of $80 a month from June 9, 1947 to October 1, 1948. We recall here that shortly after Seed's disappearance the post office occupied the main part of the store for an indefinite time. The only other testimony remotely relating to the matter of rent was a statement by Beaver to the effect that he received a lease from Seed's attorney wherein it appeared that the corporation's rent for the store was $80 a month, but he did not produce such lease. Furthermore the Blounts, who were the owners of the premises, did not testify nor was any explanation given for their nonappearance as witnesses with reference to the actual use, occupation and rental of the store during the above-mentioned period.

In a decision from the bench the trial justice awarded the plaintiff damages for waste but he refused to make any award in the matter of rent because of lack of evidence. He therefore chancerized the bond in the amount of $1719, which is the difference between the first appraisal of $2128 and $409, the sum received from the sale of the goods.

Plaintiff's contention that the trial justice erred in refusing an award for rent apparently rests on the following grounds: first, Beaver's statement that he had come into possession of a lease of the store that fixed the rent at $80 a month; secondly, that the lease, which he did not produce, covered the period in question; and thirdly, that Seed, as receiver, had continued in possession of the store for that entire period. In our judgment all three of those grounds are pure assumptions. An examination of the transcript shows clearly that there is no competent evidence of an existing lease; or if there were one that it embraced the period of June 9, 1947 to October 1, 1948; or that Seed had possession of the store for that period. In fact the

uncontradicted evidence establishes beyond doubt that Seed was in effect dispossessed when the main part of the store was allowed to be used as a post office for an indefinite time. In view of such evidence the failure of the landlord to testify is significant.

Furthermore, the plaintiff misconceives the law that is controlling in the circumstances of this case. Assuming that there was an unexpired lease of the store when Seed was appointed receiver, yet it does not follow, as the plaintiff assumes, that he was bound by the terms of that lease. A receiver is an officer of the court and not an assignee of the lessee. As custodian of the insolvent's property he is ordinarily liable only for use and occupation of the premises during the time he is in possession unless, in express terms or by conduct, he elects within a reasonable time to adopt the lease. The burden of showing such an adoption is on the lessor. These principles of law are too well established to require citation of specific cases. See 53 C.J. 152, §191 (2); 1 Tardy's Smith on Receivers (2d ed.) 540, §234. On the record before us we cannot say that the decision of the trial justice in the matter of rent was clearly wrong.

The plaintiff's exception is overruled, and the case is remitted to the superior court for entry of judgment on the decision.

*Marshall B. Marcus,* for plaintiff.

*Grim & Littlefield, Benjamin W. Grim,* for American Surety Company of New York.